PER CURIAM.
In this workers’ compensation appeal, the employer/servicing agent raise two issues. They first contend that claimant’s injury is not compensable because it did not arise out of her employment. Alternatively, they argue that the deputy commissioner’s award of temporary partial disability benefits was error.
Claimant, a 56-year-old woman, worked as a maid at the Marriott Hotel from August 11, 1979 to July 23, 1982. She testified that, on July 23, 1982, while at work, she hit her leg on a cart she was pulling out of a closet. She continued to work until about 11:15 that morning, at which time her leg began to hurt her. By 1:30 in the afternoon, the pain was so intense that claimant went to her supervisor seeking help. Approximately two hours later, she was taken to the Airport Clinic by a coworker. The initial diagnosis was traumatic arthritis with a strain in the medial collateral ligaments. Claimant was treated conservatively and was eventually referred to Dr. Patrick Barry, an orthopedic surgeon, whose final diagnosis was a tear of the medial meniscus, tear of the degenerated lateral meniscus, and some osteoarthritis on the inner side of the same knee. His opinion, within reasonable medical probability, as to the cause of the claimant’s condition was that the degenerative changes in the tear on the side of the knee which did not hurt claimant probably preceded the accident. However, the tear of the medial meniscus looked relatively recent and would be consistent with the history given by claimant. The claimant did not describe a specific accident to Dr. Barry but gave him a full description of her duties and stated that the pain began in her knee while she was working. Dr. Barry testified that, for a person in his or her forties or fifties, “[i]t takes almost nothing to rip a cartilage, so that the slightest little pivot with her knee a little bit bent or not even bent, and all of a sudden, you’ve got a tear.”
We find that there is competent, substantial evidence to support the deputy commissioner’s finding that claimant suffered a compensable injury, the tear of her medial meniscus. We therefore affirm that portion of the deputy’s order. However, we agree with the employer/servicing agent that the award of temporary partial disability benefits was error. Dr. Barry released claimant to return to work without restrictions on December 8, 1982. Dr. Barry testified that claimant agreed with him that she could handle the work. Dr. Barry again saw claimant on February 21, 1983, when she told him that she could not work. Since the claimant and her daughter were upset with Dr. Barry because of his position regarding claimant’s ability to work, Dr. Barry told them it was probably best that they see another doctor. Claimant has not worked anywhere since July 23, 1982. There is no evidence that she has even attempted to work. Claimant simply asserts that she is unable to work. We are mindful of this court’s decision in Square G Construction Company v. Grace, 412 So.2d 397 (Fla. 1st DCA 1982), that, in proper circumstances, temporary medical disability can be proven by lay testimony. In this case, such circumstances are not present. “Where an injured worker has recovered the ability to work but is not yet at maximum medical improvement, he is entitled to temporary partial disability benefits, but only as established by a conscientious work search.” (emphasis added) Hunt-Wilde Corporation v. Kitchen, 452 So.2d 2, 4 (Fla. 1st DCA 1984). Accordingly, we reverse the award of temporary partial disability benefits as unsupported by competent, substantial evidence.
Affirmed in part and reversed in part.
BOOTH, SMITH and THOMPSON, JJ., concur.